1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUDY TELLEZ,                          No.  1:24-cv-00402 GSA (PC)

12              Plaintiff,                  ORDER DIRECTING PLAINTIFF TO SHOW
                                            CAUSE WHY THIS MATTER SHOULD NOT
13        v.                                BE SUMMARILY DISMISSED FOR
                                            FAILURE TO EXHAUST
14   K. HIXSON, et al.,                     ADMINISTRATIVE REMEDIES

15              Defendants.                 PLAINTIFF'S SHOWING OF CAUSE OR, IN
                                            THE ALTERNATIVE, PROOF OF
16                                          EXHAUSTION DUE **JULY 11, 2024**

17

18          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

19   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

20   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          Before this Court is Plaintiff's original complaint.  ECF No. 1.  For the reasons stated

22   below, Plaintiff shall be ordered to show cause why this matter should not be summarily

23   dismissed for failure to exhaust administrative remedies prior to filing this action.  In the

24   alternative, he will be permitted to show that he has exhausted all administrative remedies.

25          I.      THE COMPLAINT

26                  A.  Facts Alleged

27

28

                                              1

1    On March 24, 2024, Plaintiff submitted the instant complaint for filing in this Court.[1]  See
2    ECF No. 1 at 7 (signature date on complaint).  In it, he names three NKSP employees as
3    Defendants:  Warden K. Hixon; Correctional Officer I, E. Cisneros, and Correctional Officer II,
4    M. Tafoya.  Id. at 1, 3.  He alleges that Defendants have violated his rights because since he
5    arrived at NKSP's reception center in November of 2023, they have failed to follow standard
6    regulations and correct errors related to his credits, his release date, his milestones, and other
7    administrative tasks.  Id. at 3, 5.  Plaintiff also claims that he has been held in reception for longer
8    than a reasonable period, and that these factors have stalled his release date.  Id. at 5-6.

9           B.  Harm Claimed and Remedies Sought

10    Plaintiff argues that his right to be free has been violated.  See ECF No. 1 at 7.  He seeks
11    $9,000.00 in lost wages, plus $100,000.00 to remedy for Defendants' negligence.  Id.  He also
12    seeks $200,000.00 for pain and suffering, and he asks that Defendants be reprimanded.  Id.

13           C.  Threshold Problem:  Failure to Exhaust

14    In the complaint, Plaintiff states that NKSP has a grievance procedure.  ECF No. 1 at 2.
15    However, on the complaint form, when Plaintiff is subsequently asked whether he exhausted his
16    administrative remedies via that grievance procedure before he filed this case, he clearly states
17    that he has not.  See id.  He provides the following explanation in support of why he has not done
18    so:  "I filed an emergency 602.1 on 3/20/24 (see attached) Emergency means 'a serious and
19    unexpected situation requiring immediate action' which they are failing to do they assinged [sic]
20    me a log #537096 and put it up for review.  This is not the emergency process."  Id. (brackets
21    added) (errors in original).

22    The 602.1 form Plaintiff references, which is attached to the complaint, is marked
23    "Emergency" on its first page by Plaintiff, and it is date stamped "March 21, 2024, Appeals" by

---

[1] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule.
See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for
prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330
F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544
U.S. 408 (2005).

1  NKSP.  ECF No. 1 at 9.  No other information regarding either the status or resolution of

2  Plaintiff's administrative appeal has been provided by Plaintiff.  See generally ECF No. 1.

3       II.   APPLICABLE LAW:  THE EXHAUSTION REQUIREMENT

4       A.  The Prison Litigation Reform Act

5      Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims

6  are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA

7  requires prisoners to exhaust available administrative remedies before bringing an action

8  challenging prison conditions under Section 1983.  42 U.S.C. § 1997e(a).  "The PLRA mandates

9  that inmates exhaust all available administrative remedies before filing 'any suit challenging

10  prison conditions,' including, but not limited to, suits under [Section] 1983."  Albino v. Baca, 747

11  F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

12      "[F]ailure to exhaust is an affirmative defense under the PLRA."  Jones v. Bock, 549 U.S.

13  199, 216 (2007).  As a result, it is usually a defendant's burden "to prove that there was an

14  available administrative remedy, and that the prisoner did not exhaust that available remedy."

15  Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir.

16  1996)).  The burden then "shifts to the prisoner to come forward with evidence showing that there

17  is something in his particular case that made the existing and generally available administrative

18  remedies unavailable to him."  Id.

19      At the same time, however, "a complaint may be subject to dismissal for failure to state a

20  claim when an affirmative defense (such as failure to exhaust) appears on the face of the

21  pleading."  Jones, 549 U.S. at 215.  Exhaustion is not a jurisdictional requirement for bringing an

22  action.  See Woodford, 548 U.S. at 101.

23      Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists

24  as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no

25  'remedies ... available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff,

26  422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner,

27  532 U.S. 731 (2001)).

28

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies:  An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original).  In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable:  (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639.  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

B.  California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218).  In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90.  The appeal process is initiated by an inmate filing a "Form 602" the "Inmate/Parolee Appeal Form," and describing the specific issue under appeal and the relief requested.  "The California prison grievance system has two levels of review. See Cal. Code Regs. tit. 15, §§ 3999.226(a)(1); 3481(a); 3483; 3485 (health care and standard grievances, respectively).  An inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) (repealed); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

III.   DISCUSSION

Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to exhaust administrative remedies prior to filing it in this Court.  His excuse that NKSP did not

1  follow the emergency process for reviewing grievances like his, irrespective of whether this is an

2  accurate statement, does not excuse him under Ross.  Plaintiff has made no reasonably supported

3  argument that the grievance procedure at NKSP operates as a dead end; that it is not able to be

4  used because no one can reasonably understand or navigate it, or that Defendants have prevented

5  Plaintiff from availing himself of the grievance process by intimidating him or misrepresenting

6  the process to him.  See Ross, 578 U.S. at 643-44 (factors excusing failure to exhaust); see also

7  ECF No. 1 (absence of valid excuses for failure to exhaust).

8       Furthermore, the record clearly indicates that Plaintiff gave Defendants virtually no time

9  to respond to his grievance before he filed the instant complaint.  The Court notes that Plaintiff

10  signed the "emergency" grievance at NKSP on March 20, 2024.  See ECF No. 1 at 8, 10.  Four

11  days later, on March 24, 2024, Plaintiff signed the instant complaint.  See ECF No. 1 at 7

12  (signature date of complaint).  Even giving Plaintiff the benefit of the doubt and assuming that his

13  emergency grievance was properly filed,[2] thereby warranting NKSP's expedited review of it, the

14  Court can reasonably assume that Plaintiff giving NKSP and/or Defendants a mere four days to

15  address it is insufficient.

16       Section 1997e(a) is clear:  exhaustion of available remedies must occur before a prisoner

17  brings his claims to this Court.  If he has not exhausted, the matter must be dismissed.  See, e.g.,

18  Jones, 549 U.S. at 214-15 (finding sua sponte dismissal for failure to exhaust administrative

19  remedies appropriate if, when taking prisoner's factual allegations as true, complaint establishes

20  failure to exhaust); see generally Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006)

21  (citation omitted) (finding district court required to dismiss suit when determined plaintiff did not

22  exhaust administrative remedies prior to sending complaint to court); Wyatt v. Terhune, 315 F.3d

23  1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so

24  long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747

25  F.3d 1162 (9th Cir. 2014).

26

27  [2]  It remains to be determined whether simply writing the word "emergency" atop a standard
grievance form is the correct method in which to file an emergency grievance that requires

28  immediate attention.

1

2          Because it is clear on the face of the complaint that Plaintiff did not exhaust his

3   administrative remedies before he filed this case, this matter should be dismissed.  However, prior

4   to recommending dismissal, Plaintiff will be ordered to show cause why the matter should not be.

5   In so doing, Plaintiff may either provide reasons under <u>Ross</u> that excuse his failure to exhaust, or

6   he may show that he has exhausted his administrative remedies.  <u>See generally</u> <u>Saddozai v. Davis</u>,

7   35 F.4th 705, 708 (9th Cir. 2022) (stating exhaustion applicable to operative complaint); <u>Jackson</u>

8   <u>v. Fong</u>, 870 F.3d 928, 934 (9th Cir. 2017).  He will be given fourteen days to respond to the

9   showing of cause or provide proof of exhaustion.

10         Accordingly, IT IS HEREBY ORDERED that:

11         1.  Within fourteen days of this order – **by July 11, 2024,** – Plaintiff shall SHOW

12   CAUSE why this matter should not be SUMMARILY DISMISSED for failure to exhaust

13   administrative remedies.

14         2.  In the alternative, Plaintiff may provide proof that he has  exhausted his administrative

15   remedies.

16         **Plaintiff is informed that failure to comply with this order within the time allotted**

17   **may result in a recommendation that this matter be dismissed.  Plaintiff is further informed**

18   **that absent exigent circumstances, <u>no</u> requests for extensions of time will be granted.**

19

20

21   IT IS SO ORDERED.

22      Dated:   __**June 27, 2024**__          _____**/s/ Gary S. Austin**_____

23                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28