# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY TELLEZ,<br><br>              Plaintiff,<br><br>      v.<br><br>K. HIXON, et al.,<br><br>              Defendants. | Case No. 1:24-cv-00402 JLT GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, WITH ADDITIONAL FINDINGS<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 11) |

Rudy Tellez seeks to hold the defendants liable for violations of his civil rights while incarcerated at North Kern State Prison. (*See* Doc. 1.) The magistrate judge directed Plaintiff to show cause why the action should not be dismissed for failure exhaust administrative remedies. (Doc. 9.) However, the U.S. Postal Service returned the order as "Undeliverable, Return to Sender, Attempted-Not known, Unable to Forward, Inactive."

The magistrate judge observed that Plaintiff is required "to keep the Court apprised of his current address at all times." (Doc. 11 at 2, citing Local Rule 183(b).) More than 63 days passed after the Postal Service returned the Court's mail, and Plaintiff did not file a notice of change of address. (*Id.*) Thus, the magistrate judge recommended the Court dismiss the action "without prejudice for failure to file a notice of current address with the Court." (*Id.*) The Court served the Findings and Recommendations on Plaintiff at the most current address on record. The Postal Service also returned this as "Undeliverable, Parole" on October 21, 2024.

1

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the finding that Plaintiff failed to comply with Local Rule 183(b) is supported by the record. Importantly, however, the magistrate judge did not address the factors identified by the Ninth Circuit to impose terminating sanctions. Thus, the Court must make additional findings to determine whether dismissal is an appropriate sanction for Plaintiff's failure to comply with the Local Rules. *See United States v. Nat'l Medical Enterprises, Inc.,* 792 F.2d 906, 912 (9th Cir. 1986) (the court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions").

To determine whether to impose terminating sanctions, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal action for failure to comply with the court's local rules and failure to prosecute); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) ("it is preferred … that the district court make explicit findings in order to show that it has considered these factors"); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) ("the five factors… *must* be considered before dismissing a case") (emphasis added).

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik,* 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court will not hold this case in abeyance, awaiting the ability to communicate with Plaintiff.

Next, the Court must determine whether the defendants suffer prejudice by examining "whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). A presumption of prejudice arises when a plaintiff unreasonably delays the

1    prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The
2    defendants would suffer prejudice due to the inability to contact Plaintiff and engage in discovery
3    related to his claims.  Thus, this factor also supports dismissal.

4        Further, the Court must consider the imposition of lesser sanctions.  A court's warning to
5    a party that an action—or inaction— could result in dismissal satisfies the "consideration of
6    alternatives" requirement.  *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.  In the "First
7    Information Order," the Court informed Plaintiff: "If a pro se plaintiff's address is not updated
8    within sixty−three (63) days of mail being returned as undeliverable, the case will be dismissed
9    ..."  (Doc. 3 at 5.)  Notably, the Court need only warn a party once that the matter could be
10   dismissed to satisfy the requirements considering alternative sanctions.  *Ferdik*, 963 F.2d at 1262.
11   Moreover, the recommended dismissal *without* prejudice is a lesser sanction than dismissal *with*
12   prejudice.  *United States v. Jiang*, 214 F.3d 1099, 1103 (9th Cir. 2000) (identifying dismissal
13   without prejudice as an available "lesser sanction").  Given the Court's inability to communicate
14   with Plaintiff, a sanction less than dismissal is not feasible.

15       Finally, the policy favoring disposition of claims on the merits is outweighed by the four
16   factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n. 2 (explaining that although "the
17   public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not
18   sufficient to outweigh the other four factors").  Thus, the **ORDERS**:

19       1.    The Findings and Recommendations dated February 29, 2024 (Doc. 11) are
20           **ADOPTED**, with the above additional findings.
21       2.    This action is **DISMISSED** without prejudice.
22       3.    The Clerk of Court is directed to close the case.

23
24   IT IS SO ORDERED.

25       Dated:  **October 24, 2024**                 /s/ Jennifer L. Thurston
                                                                  UNITED STATES DISTRICT JUDGE
26
27
28

3